**Entered on Docket**
**April 28, 2010**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed: April 28, 2010**



_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

WILLIAM JOSEPH KELLY,

        Debtor.
_____/

No. 09-42376 TG
Chapter 13

RS ABK 001

**MEMORANDUM OF DECISION**

Wildwood at Village Park Owners' Association, Inc. ("Movant") filed a motion for relief from the automatic stay in the above-captioned Chapter 13 case. Movant seeks relief from stay in order to record a lien against Debtor's real property and foreclose on that lien, as well as to file a lawsuit against Debtor to collect unpaid homeowner's assessments. The motion for relief came on for hearing on February 22, 2010. Counsel for Debtor and counsel for Movant both appeared at the hearing. The Court took the matter under submission and established a schedule for the parties to submit additional briefs. After considering the arguments presented, the Court concludes that the motion should be granted in part and denied in part for the reasons set forth below.

**SUMMARY OF FACTS**

Debtor filed the above-captioned Chapter 13 case on March 26, 2009. On Schedule A, Debtor listed a 100% fee interest in real property located at 273 South Wildwood, Hercules, CA ("the Property"). The Property is encumbered by a first Deed of Trust held by Chase Financial ("Chase"). Under Movant's "Homeowner Association Covenant, Conditions and Restrictions" ("the CC&Rs") Debtor was required to pay assessments to Movant for as long as Debtor had a legal, equitable, or possessory interest in the Property.

On June 9, 2009, the Court confirmed Debtor's Chapter 13 Plan, which provided that Debtor would surrender the Property and pay general unsecured creditors on a pro tanto basis. On June 24, 2009, Chase obtained an order granting its motion for relief from stay as holder of the first Deed of Trust on the Property. Despite obtaining relief from stay, Chase has not yet foreclosed on the Property.

Movant's motion for relief alleges that Debtor owes Movant $664 in pre-petition assessments and $5,537.26 in post-petition assessments, late charges, and interest for the period from April 1, 2009 to January 21, 2010. Under the CC&Rs, Debtor is personally liable for the assessments.

**DISCUSSION**

Debtor does not oppose Movant's request for relief from stay to record a lien against the Property and foreclose. The Court will grant this part of the motion.

Movant seeks further relief to file a lawsuit against Debtor for his personal liability for the delinquent post-petition assessments.

2

Debtor objects to this relief. The parties do not dispute that prior to filing his bankruptcy petition Debtor agreed to comply with the CC&Rs, under which he was to pay certain assessments to Movant. Because this obligation arose pre-petition, Movant currently holds an unsecured pre-petition claim.

The Bankruptcy Code broadly defines a claim as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). A homeowner's assessment arising from a pre-petition contract constitutes a pre-petition debt under the Bankruptcy Code's broad definition of a claim. See Matter of Rosteck, 899 F.2d 694, 696 (7th Cir. 1990).

In 1994, Congress added 11 U.S.C. § 523(a)(16), which provides that homeowner's association fees that become due and payable post-petition are non-dischargeable under sections 727, 1141, 1228(a), 1228(b), or 1328(b). In this case, Debtor seeks a discharge under section 1328(a), which does not except from discharge post-petition homeowner's association fees. Instead, section 1328(a) provides for discharge of "all debts provided for by the plan or disallowed under section 502." Debtor's confirmed Chapter 13 plan provides for this debt by indicating that Debtor will surrender the Property, and by making payments to the Chapter 13 trustee of $900 each month to be distributed on a pro rata basis to general unsecured creditors, such as Movant.

3

After the passage of section 523(a)(16), a New Jersey bankruptcy court decided the very issue before the court in this case. In <u>Matter of Mattera</u>, the bankruptcy court held that pre-petition and post-petition homeowner's assessments were discharged by the debtor's successful completion of a Chapter 13 plan. 203 B.R. 565, 572 (Bankr. D. N.J. 1997). The court reasoned that post-petition assessments were pre-petition claims and that the debtor's Chapter 13 plan provided for the claim by stating the debtor's intention to surrender the condominium. <u>Id.</u>

Movant, as a holder of an unsecured claim, presents no cause under section 362(d)(1) for terminating the automatic stay for the purpose of collecting on a dischargeable unsecured debt. For this reason, Movant's request to terminate the stay to allow it to pursue Debtor personally for unpaid homeowner's assessments is denied.

**CONCLUSION**

The motion for relief from stay is granted to allow Movant to record a lien against the Property and foreclose on that lien. Movant's request for relief from stay to collect amounts owed from Debtor personally is denied. Counsel for Movant is instructed to submit a proposed form of order consistent with this decision.

END OF DOCUMENT

|   |                                                                                 |
|---|---------------------------------------------------------------------------------|
| 1 | COURT SERVICE LIST                                                              |
| 2 | Sally J. Elkington<br>Elkington Law Office                                      |
| 3 | 409 13th St 10th Fl<br>Oakland, CA 94612                                        |
| 4 |                                                                                 |
| 5 | Alyssa B. Klausner<br>Swedelson & Gottlieb                                      |
| 6 | 11900 W. Olympic Blvd., Ste. 700<br>Los Angeles, CA 90064                       |